UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

HASIM MUNIR and GREGORY : 
HAMPTON-BOYD, :
      Plaintiffs, :
 :
v. : C.A. No. 22-39MSM
 :
STATE OF RHODE ISLAND SUPERIOR : 
COURT, :
      Defendant. :

**REPORT AND RECOMMENDATION**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

      This civil action is brought by two *pro se* Plaintiffs, both prisoners at Rhode Island's Adult Correctional Institutions ("ACI"), suing for themselves to challenge their indictments and convictions, as well as purporting to sue on behalf of a class of persons who Plaintiffs claim were illegally convicted based on indictments/convictions returned by grand/petit jurors who were deceived by pervasive and persistent prosecutorial misconduct committed by unnamed prosecutors in the office of the Rhode Island Attorney General.[1]

      Plaintiff Hasim Munir is serving a sentence based on his 2017 conviction after a jury trial in the Superior Court for first-degree child molestation/sexual assault. State v. Munir, 209 A.3d 545, 546 (R.I. 2019), cert. denied, 140 S. Ct. 277 (2019). Following the Rhode Island Supreme Court's affirmance of his direct appeal and the United States Supreme Court's denial of certiorari, pursuant to R.I. General Laws § 10-9.1-1, in October 2019, Plaintiff Munir initiated a post-conviction challenge in the Rhode Island Superior Court. Munir v. Rhode Island, PM-2019-

---

[1] Plaintiffs' complaint and related filings are somewhat difficult to comprehend. The Court has reviewed them with the leniency customarily afforded to any *pro se* filings. Instituto de Educacion Universal Corp. v. U.S. Dep't of Educ., 209 F.3d 18, 23 (1st Cir. 2000).

10028 (R.I. Super. Ct.). The post-conviction relief proceeding remains pending in the Superior Court. This is the second civil action[2] brought by Plaintiff Munir that seeks to challenge his indictment and conviction in this Court. The first was summarily dismissed on May 13, 2021. Munir v. Superior Court, C.A. No. 21-92WES, 2021 WL 1238100, at *3 (D.R.I. Apr. 2, 2021), adopted, 2021 WL 1925392 (D.R.I. May 13, 2021) (complaint dismissed because transfer of ongoing post-conviction proceeding to federal court is not permissible and because pleading fails plausibly to state a claim under 42 U.S.C. § 1983 and improperly seeks federal court intervention in ongoing state court post-conviction proceeding). A federal writ of habeas corpus seeking substantially similar relief was dismissed without prejudice as premature. Munir v. Rhode Island, No. 18-cv-415-JJM-LDA, ECF No. 15 (D.R.I. Oct. 17, 2018), appeal terminated, No. 18-2090 (1st Cir. Dec. 21, 2018).

Plaintiff Gregory Hampton-Boyd is serving a sentence based on his 2018 conviction after a jury trial in the Superior Court, *inter alia,* for first-degree robbery, assault with a dangerous weapon and discharge of a firearm during a crime of violence resulting in injury. State v. Hampton-Boyd, 253 A.3d 418 (R.I. 2021). Following the Rhode Island Supreme Court's affirmance of his direct appeal, Plaintiff Hampton-Boyd initiated a post-conviction challenge in the Rhode Island Superior Court. Hampton-Boyd v. Rhode Island, PM-2021-05730 (R.I. Super. Ct.). This post-conviction relief proceeding also remains pending in the Superior Court.

Plaintiffs' complaint vaguely alleges that they (and others) were unconstitutionally investigated, indicted and convicted through "blatant malicious misconduct" of State

---

[2] My recommendation that Plaintiff Munir's third such civil action be summarily dismissed is pending in Munir v. State of Rhode Island Superior Court, C.A. No. 22-57WES. Plaintiff Munir is cautioned that he is at risk of being barred from filing yet another civil action *in forma pauperis*: the three-strikes rule prevents a prisoner from bringing a civil suit *in forma pauperis* if he has had three or more prior suits that were "dismissed on the grounds that [they] were] frivolous, malicious, or fail[ed] to state a claim." 28 U.S.C. § 1915(g).

prosecutors, including the use of false evidence, the withholding of exculpatory evidence and the paying of financial compensation to witnesses and victims. ECF No. 1 at 3. The pleading asserts that the "Superior Court Justices being former prosecutors are well aware of this malicious prosecutorial misconduct[;] they invite it as long as it deprives men of color from a constitutional 'INFORMED' and 'INDEPENDENT' state grand jury (5th Amendment)." ECF No. 1 at 5 (emphasis in original). Plaintiffs request $50 million "to be distributed to class members and their counsel only if they meet the Brady material claim." ECF No. 1-1 at 2. Plaintiff Munir has filed an application to proceed *in forma pauperis* ("IFP").[3] ECF No. 7. Plaintiff Hampton-Boyd has failed to file an IFP application or to pay the $402 filing fee. The Munir IFP application has been referred to me pursuant to 28 U.S.C. § 636(b).

Based on the pendency of the IFP application, the case is subject to initial screening. 28 U.S.C. §§ 1915(e)(2) and 1915A. This is true whether the complaint is interpreted (as it purports to be) as a civil action for money damages arising under 42 U.S.C. § 1983 or as a habeas petition arising under 28 U.S.C. § 2254. Sevegny v. Smith, C.A. No. 16-258S, 2016 WL 11214094, at *1-3 (D.R.I. July 27, 2016) (pursuant to 28 U.S.C. § 1915(e)(2)(B), court must screen out § 1983 claims that are frivolous or fail to state a claim), adopted, 2017 WL 35709 (D.R.I. Jan. 4, 2017); Fuentes v. Coyne-Fague, C.A. No. 20-000111-WES, 2020 WL 8970624, at *1 (D.R.I. March 24, 2020) (Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires court to dismiss petition if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court") (internal quotation marks omitted),

---

[3] The Munir IFP application is deficient in that he did not attach the required prisoner trust fund account statement. See 28 U.S.C. § 1915(a)(2). This deficiency need not be cured if the District Court adopts my recommendation of summary dismissal.

adopted by text order (D.R.I. May 21, 2020).  Based on my preliminary review, I recommend that complaint be dismissed without prejudice for the reasons that follow.

First, the pleading fails because it vaguely asserts that State prosecutors have used improper tactics to procure indictments and convictions and alludes in passing to discrimination based on race and gender but utterly lacks concrete facts that could support a specific claim under 42 U.S.C. § 1983.  Therefore, it fails to state a plausible claim and is subject to dismissal.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); see, e.g., Clayton v. Brennan, No. 4:18-CV-1039-JAR, 2019 WL 144133, at *4 (E.D. Mo. Jan. 9, 2019) (*pro se* claims alleging discrimination based on race, age, gender and disability dismissed pursuant to 28 U.S.C. § 1915(e)(2) for lack of factual foundation), aff'd, 854 F. App'x 772 (8th Cir. 2021) (per curiam).  Plaintiffs' allegations about Masonic lodges and race, see e.g., ECF No. 1 at 6, are similarly implausible.  See Foy v. Masonic Temple, Civ. A. No. 85-5717, 1986 WL 5708, at *1 (E.D. Pa. Mar. 19, 1986) (with no factual allegations to suggest conspiracy between Masons and any government official, 1983 action dismissed as frivolous).  Further, the complaint appears to transgress the well-settled principle that civil claims that would undermine or interfere with ongoing state criminal proceedings and/or would constitute an impermissible collateral attack on a state criminal conviction may not proceed until the underlying criminal case is completed.  See Wallace v. Kato, 549 U.S. 384, 393-94 (2007); Heck v. Humphrey, 512 U.S. 477, 484-89 (1994).  Relatedly, to the extent that Plaintiffs are asking this Court to reconsider each of their convictions, the complaint is premature in that their post-conviction petitions are currently pending and active in the Superior Court.  Janosky v. St. Amand, 594 F.3d 39, 50 (1st Cir. 2010); see Fuentes, 2020 WL 8970624, *1-2 (recommending that case be dismissed at screening where

it is plain on face of petition that post-conviction review in Superior Court is ongoing and claims are not fully exhausted).

Second, the complaint must be dismissed because it lacks a defendant alleged to have engaged in conduct that injured Plaintiffs. While the complaint purports to sue the "Rhode Island Superior Court," it is focused on the conduct of unnamed prosecutors, not of the Superior Court. Further, to the extent that Plaintiffs seek to sue the Superior Court as an entity, they are trying to bring a suit for damages against the State, which they may not do pursuant to 42 U.S.C. § 1983 because the State is a sovereign and "is not a 'person' as that term is used in § 1983, and thus is not susceptible to suit under § 1983." Bibby v. Rodgers, No. CA 09-529 ML, 2010 WL 554028, at *6 (D.R.I. Feb. 12, 2010) (quoting Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989)); see Silva v. Smith, No. 20-CV-12-PJB-AKJ, 2021 WL 1193408, at *5 (D.R.I. Mar. 30, 2021) ("Eleventh Amendment similarly precludes suits for damages against state employees sued in their official capacities."), appeal dismissed, No. 21-1320 (1st Cir. Feb. 15, 2022). Alternatively, to the extent that Plaintiffs seek to sue state court judges, either in their individual or official capacities, based on their adjudicatory decisions, which conceivably is what this complaint seeks to do, the claim is barred by the doctrine of absolute judicial immunity. Silva, 2021 WL 1193408, at *5 ("when a judge carries out traditional adjudicatory functions, he or she has absolute immunity for those actions"); Bibby, 2010 WL 554028, at *3 (suit against judge and magistrate of Superior Court dismissed because "[i]t is well established that judges are absolutely immune from suit for their judicial acts unless they act in the clear absence of all jurisdiction").

Third, to the extent that Plaintiffs purport to sue on behalf of a class, the complaint must be dismissed because Plaintiffs are barred from representing the interests of a Rule 23 class.

Nickerson v. Providence Plantation, C.A. No. 19-00030-WES, 2019 WL 720703, at *4 (D.R.I. Feb. 20, 2019) ("[i]ndividuals appearing *pro se* cannot adequately represent and protect the interests of a Rule 23 class"), adopted by text order (D.R.I. Nov. 19, 2019), appeal docketed, No. 21-1444 (1st Cir. June 7, 2021); Young v. Wall, 228 F.R.D. 411, 412 (D.R.I. 2005) (*pro se* plaintiff not allowed to represent proposed class because he is not attorney and cannot adequately represent class members). This principle is consistent with the applicable federal statute. See 28 U.S.C. § 1654 ("[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein"). It is also memorialized in this Court's Local Rules. DRI LR Gen 205(a)(2).

Based on the foregoing, I recommend that Plaintiffs' complaint (ECF No. 1) be summarily DISMISSED without prejudice and that Plaintiff Munir's IFP application (ECF No. 7) be DENIED as moot. If the Court adopts this recommendation, I suggest that the Court deny as moot the motions that Plaintiff Munir has filed since the complaint (motion to change venue,[4] ECF No. 9; motion for intervention,[5] ECF No. 12), though, as of this writing, they are not referred to me.

---

[4] The venue motion asks the Court to transfer the case to another court within the First Circuit. ECF No. 9. As grounds, the motion relies on Rhode Island's "small community of . . . families directly related to discriminated clubs, fraternities, Lodges, and Organizations linking Governmental officials to 'whites only' memberships," ECF No. 9 at 1, and the allegation that "[b]eing both of Irish descent Judge Mary McElroy and Magistrate Patricia Sullivan have blood related ties to 'Scottish Rite' Masonic 'white members' [and] they will go to great lengths to defend obvious Brady criminal violations." ECF No. 9 at 2 (emphasis in original). To the extent that this may be interpreted as a motion to recuse me, I decline to recuse. See United States v. Voccola, 99 F.3d 37, 42 (1st Cir. 1996) (judge must determine if charge of lack of impartiality is grounded in facts, not in mind of the litigant, but in mind of reasonable person). Therefore, the related venue motion should be denied. See Silva v. Rhode Island, C.A. No. 19-CV-568-JJM-PAS, 2021 WL 6063575, at *4 (D.R.I. Dec. 22, 2021) (motion to transfer venue to impartial court denied because "[d]issatisfaction with a judicial decision is not a basis for recusal") (internal quotation marks omitted).

[5] The intervention motion asks the Court to order the Civil Rights Division of the United States Department of Justice to intervene in the case to investigate "the severity of how many Rhode Island Superior Court Indictments were obtained by this violated conduct," as well as to request that the House Committee on the Judiciary initiate a

Any objection to this report and recommendation must be specific and must be served and filed with the Clerk of the Court within fourteen (14) days of its receipt.  See Fed. R. Civ. P. 72(b)(2); DRI LR Cv 72(d).  Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district judge and the right to appeal the Court's decision.  See United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
March 7, 2022

---

Congressional investigation.  ECF No. 12 at 1.  This motion fails because such an order would transgress the separation of powers among the branches of the United States government.  Ross v. USA, Docket No. 2:21-CV-02327, 2022 WL 496862, at *1 (W.D. La. Jan. 19, 2022), adopted, 2022 WL 496918 (W.D. La. Feb. 17, 2022); United States v. Tisthammer, Case No. 2:08-cr-00057-CAS, 2019 WL 6251441, at *2 (C.D. Cal. Nov. 22, 2019).  Plaintiffs are free to communicate directly with the Department of Justice and Congress regarding their concerns.