UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |  |
|---|---|---|
| HASIM MUNIR, et al | ) ) ) | |
|     Plaintiffs, | ) | |
| v. | ) ) | |
|  | ) | C.A. No. 22-039-MSM-PAS |
| The Rhode Island Superior Court | ) | |
| Corporation, | ) | |
|     Defendant. | ) ) ) | |

## ORDER

Mary S. McElroy, United States District Judge.

This is a civil complaint, filed by Hasim Munir and Gregory Hampton-Boyd, on behalf of themselves and a class of prisoners they purport to represent. They contend that they and others suffered improper indictments leading to criminal convictions in the state courts of Rhode Island, and they make vague allegations of misconduct, racial and gender animus, and other improper practices. On March 22, 2022, the Court accepted and adopted the Report & Recommendation of Magistrate Judge Patricia A. Sullivan which recommended dismissal after finding, pursuant to the screening required by 28 U.S.C. § 1915(e)(2)(B)(ii), that the Complaint failed to state a plausible claim for relief. (ECF Nos. 13, 21.)[1] The Court also noted, in

---

[1] Neither Mr. Munir nor Mr. Boyd-Hampton ever filed a prison financial statement to support *in forma pauperis* status, but that failing need not be addressed considering the disposition of dismissal.

1

accepting the Magistrate Judge's Recommendation, what appeared at the time to be an absence of objection by the plaintiffs.

Apparently, the Court's Order and the plaintiffs' objection crossed in the mail, as the latter was received and docketed on the same day as the Order.  The plaintiffs appealed the dismissal (ECF No. 25)[2] and filed a timely Motion to Alter Judgment pursuant to Fed. R. Civ. P. 59.  (ECF No. 27.)[3]  The effectiveness of the Notice of Appeal is delayed while this Court rules on the Motion to Alter Judgment.  (ECF No. 33.)

Although the Motion is captioned one to Alter Judgment, it actually asks this Court "to reconsider [its] March 22, 2022 Judgement to adopt dismissal from Report and Recommendation of Magistrate Patricia Sullivan."  The basis of the Motion is that a timely Objection was in fact filed.

Whether treated as a Motion to Alter Judgment pursuant to Rule 59, or as one for reconsideration pursuant to the Court's inherent authority to reconsider its own rulings, the case will remain dismissed, and the Motion is DENIED.  The Court has considered again the Magistrate Judge's Recommendation to dismiss, as well as the substance of the Objection (ECF No. 23) and finds no cause to reconsider.  Upon the same review, it finds no manifest error warranting an alteration of the judgment. *ACA Financial Guarantee Corp. v. Advest, Inc.*, 512 F.3d 46, 55 (1st Cir. 2008) (district courts "enjoy considerable discretion in deciding Rule 59(e) motions, . . . ").

---

[2] Some other inmates have also attempted to appeal, but they were not added as plaintiffs by Amended Complaint, and their *pro se* Motions to "Join" the action were denied.  (ECF Nos. 16, 17 and 21.)

The Objection cites a plethora of alleged facts, and court opinions, that the plaintiffs complain were not specifically catalogued by the Magistrate Judge in her Report and Recommendation. They infer from those omissions that she failed to sufficiently consider the record. To the contrary, the Magistrate Judge's Recommendation reveals a sufficiently thorough review of the state court record. More importantly, the Objection does not counter any of the legal reasons requiring dismissal. Chief among them is that both plaintiffs currently have pending applications for post-conviction relief in the state courts challenging their convictions. Because there are outstanding convictions whose integrity is questioned by this civil action, the action is barred by *Heck v. Humphrey,* 512 U.S. 477, 484-89 (1994). Neither does the Objection address another major finding of the Magistrate Judge: that the Complaint fails to state a *person* who has violated any rights of the plaintiffs. Instead, the Complaint sues the Superior Court of Rhode Island, an entity that is not a "person" under 42 U.S.C. § 1983 and cannot be sued for damages. As the Magistrate Judge noted, to the extent the Complaint intends to sue the *judges* of the Superior Court, they enjoy absolute immunity.[4]

For the reasons expressed above, and others appearing in the Report and Recommendation adopted by this Court,[5] the Motion to Alter Judgment (ECF No. 27) is DENIED.

---

[4] For the most part, the Complaint makes allegations against "the Rhode Island Superior Court" or "the Superior Court Corporation." In several places, though, it refers to the superior court or supreme court "judges" or "justices."

[5] The case could not in any event proceed as a class action. None of the signatories are attorneys and while *pro se* plaintiffs may represent themselves, they cannot

IT IS SO ORDERED:

_____
Mary S. McElroy,
United States District Judge

June 1, 2022

---

represent members of a class. *Nickerson v. Providence Plantation*, C.A. No. 19-00030-WES, 2019 WL 720703, at *4 (D.R.I.  Feb. 20, 2019), *adopted* Nov. 19, 2019.